UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 4:25-MJ-05030-SNOW

UNITED STATES OF AMERICA

v.

LUIS ARNULFO OCAMPO MARTINEZ,

    Defendant.
_____/

FILED BY ___AR___ D.C.

Jul 2, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KW

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No.

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No.

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:    /s/ Ilana R. Malkin
      Ilana R. Malkin
      Assistant United States Attorney
      Court ID No. A5503170
      99 Northeast 4th Street
      Miami, Florida 33132
      Tel.: (305) 961-9170
      Email: Ilana.Malkin@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>LUIS ARNULFO OCAMPO MARTINEZ,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.<br>4:25-MJ-05030-SNOW |

FILED BY ___AR___ D.C.
Jul 2, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KW

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __7/1/2025__ in the county of __Monroe__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Forcibly Assaulting a Federal Officer |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Bruno Cabral, Agent, U.S. Border Patrol
*Printed name and title*

Sworn to before me telephonically.

Date: 7/2/25

_____
*Judge's signature*

City and state: Key West, Florida

Hon. Lurana S. Snow, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Bruno T. Cabral, being duly sworn, do hereby depose and state the following:

### INTRODUCTION

1. I am presently employed as an Agent with United States Border Patrol ("USBP"), where I have worked since in or around July 2018. I am assigned as a sworn law enforcement officer at the Marathon Border Patrol Station, in Marathon, Florida. In that capacity, my duties include investigating federal criminal offenses, including Title 8 offenses, in the Southern District of Florida. I have prepared cases for immigration proceedings and served multiple arrest warrants. I am also tasked with determining the lawfulness of travelers' entry into the United States. Some of my duties include executing search and arrest warrants in accordance with federal law.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of and make arrests for, offenses enumerated in Title 18, United States Code, Sections 2422, 2423, 2251 and 2252, *et seq*.

3. The information contained in this Affidavit is based on my personal knowledge, as well as information relayed to me by other law enforcement agents involved in this investigation.

4. The information set forth in this Affidavit is provided in support of the attached criminal complaint charging Luis Arnulfo Ocampo Martinez ("OCAMPO MARTINEZ") with forcibly assaulting a federal officer, in violation of Title 18, United States Code, Section 111(a)(1). This Affidavit is intended only to establish probable cause for the proposed complaint. As such, it does not include each and every fact known to law enforcement about this investigation.

## PROBABLE CAUSE

5. On or about July 1, 2025, Marathon Station Border Patrol Resident Agents, in conjunction with a Florida State Probation Officer ("FSPO"), were conducting patrol duties near 8th Avenue in Stock Island, Florida. Although operating in unmarked service vehicles, in my training and experience, federal agents are easily identified and well-known to the residents, illegal aliens, and criminal offenders in the area.

6. During the patrol, the FSPO and I identified a white van bearing Florida license plate number QYJX50 (the "Van") as it left 8th Avenue and turned onto 5th Street. I promptly positioned my unit behind the Van and requested checks be run on the Van's tags and owner. I observed the driver of the Van swerving between lanes and frequently glancing into the driver's side mirror. The driver of the Van then sped up and failed to make complete stops at numerous stop signs, while continually looking through the driver side mirror.

7. I followed the Van as it turned onto a dead-end street and activated my unmarked unit's emergency lights to conduct a stop of the Van. As I approached the Van to make contact, the driver, later identified as OCAMPO MARTINEZ, opened the driver's side door and attempted to flee the scene. I was wearing my United States Border Patrol uniform, identified myself as a border patrol agent, and ordered OCAMPO MARTINEZ to stop. OCAMPO MARTINEZ then shoved me, causing me to lose my balance. I attempted to secure OCAMPO MARTINEZ by grabbing his left shoulder, but OCAMPO MARTINEZ broke free from my grip. With his left hand, OCAMPO MARTINEZ pushed my head and neck back, and with his right hand, gripped my arm. I lost balance a second time as OCAMPO MARTINEZ attempted to gain control.

8. As a result, I delivered approximately four closed-fist strikes to OCAMPO MARTINEZ. OCAMPO MARTINEZ then released his grip and ran into the nearby mangroves. I

followed, jumping onto OCAMPO MARTINEZ's back and applying a shoulder lock. The FSPO quickly assisted with detaining OCAMPO MARTINEZ.

9. While being transported in law enforcement's vehicle, OCAMPO MARTINEZ began violently kicking the metal cage of the passenger area with his heavy-duty boots. OCAMPO MARTINEZ was directed to stop but refused.

10. As a part of normal intake procedures, Border Patrol Agents collected the biometrics of OCAMPO MARTINEZ to input into law-enforcement databases. The investigation revealed that OCAMPO MARTINEZ has a final order of removal issued by an immigration judge on or about September 30, 1998.

## CONCLUSION

11. Based on the foregoing, I respectfully submit that there is probable cause to believe OCAMPO MARTINEZ knowingly committed the offense of forcibly assaulting a federal officer, in violation of Title 18, United States Code, Section 111(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
BRUNO T. CABRAL
UNITED STATES BORDER PATROL AGENT

Subscribed and sworn to before me telephonically this 2nd day of July 2025.

_____
HONORABLE LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: _____

_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _[signature]_
**AUSA:**

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE) (**OTHER**)